United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

PHOTONIC TECHNOLOGIES CO., LTD.,
Plaintiff,

v.

ELIYAN CORPORATION,
Defendant.

Case No. 26-cv-06389-BLF

**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

[Re: ECF No. 2]

Before the Court is Plaintiff's administrative motion to file under seal. ECF No. 2. Defendant has not filed a response. For the reasons set forth below, Plaintiff's administrative sealing motion is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099–101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a

document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civil L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

## II. DISCUSSION

Plaintiff seeks to seal portions of its complaint and the accompanying exhibits. According to Plaintiff, the assertedly sealable material consists of "confidential business documents" including "the development agreement related to commercially sensitive technologies." ECF No. 2 at 2. Plaintiff contends that the public disclosure of those materials could harm Plaintiff. *Id*

As the sealing request relates to a complaint, which the Court finds is "more than tangentially related to the underlying cause[s] of action," the Court will apply the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099–101. The Court finds that compelling reasons exist to seal the materials Plaintiff identifies, because the "compelling reasons" standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for sealing "confidential business and proprietary information"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for sealing "information that, if published, may harm . . . competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). The Court also finds that the request is narrowly tailored. *See* Civil L.R. 79-5(c)(3).

United States District Court
Northern District of California

The Court's ruling is summarized below:

| Public ECF No. / Sealed ECF. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 1 / 2-2 | Complaint | Highlighted portions at 2:5,8,16,20,21; 5:8-9,13; 6:7-9; 7:4,10,16,17,19,21, 25-27; 8:4,20; 9:4,6,13,26- 28; 10:1-2,7-8,17-18,24- 25; 11:2,11; 12:19; 13:4,20; 14:1,14,26; 15:26- 27; 16:19; 17:1,7,16,26; 18:17; 19:10,21,28; 20:20,25; 21:2,17,22; 22:20; 23:10,16,23; 24:2,9. | GRANTED as containing confidential business and technical information, the release of which could harm Plaintiff. |
| 1-1 / 2-3 | Exhibit 1 to the Complaint | Highlighted portions at 1, 8-11. | GRANTED as containing confidential business and technical information, the release of which could harm Plaintiff. |
| 1-2 / 2-4 | Exhibit 2 to the Complaint | Highlighted portions at 1, 2. | GRANTED as containing confidential business and technical information, the release of which could harm Plaintiff. |
| 1-3 / 2-5 | Exhibit 3 to the Complaint | Highlighted portions at 1. | GRANTED as containing confidential business and technical information, the release of which could harm Plaintiff. |
| 1-4 / 2-6 | Exhibit 4 to the Complaint | Highlighted portions at 1. | GRANTED as containing confidential business and technical information, the release of which could harm Plaintiff. |
| 1-5 / 2-7 | Exhibit 5 to the Complaint | Highlighted portions at 1. | GRANTED as containing confidential business and technical information, the release of which could harm Plaintiff. |
| 1-6 / 2-8 | Exhibit 6 to the Complaint | Highlighted portions at 1-2 | GRANTED as containing confidential business and technical information, the release of which could harm Plaintiff. |

| | | | |
|---|---|---|---|
| 1-7 / 2-9 | Exhibit 7 to the Complaint | Highlighted portions at 1. | GRANTED as containing confidential business and technical information, the release of which could harm Plaintiff. |
| 1-8 / 2-10 | Exhibit 8 to the Complaint | Highlighted portions at 1. | GRANTED as containing confidential business and technical information, the release of which could harm Plaintiff. |

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's administrative motion to file under seal, ECF No. 2, is GRANTED.

Dated: August 10, 2026

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California