United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHOTONIC TECHNOLOGIES CO., LTD.,<br>Plaintiff,<br>v.<br>ELIYAN CORPORATION,<br>Defendant. | Case No. 26-cv-06389-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Re: ECF No. 23] |

Before the Court is Defendant Eliyan Corporation's ("Eliyan") motion to dismiss. ECF No. 23 ("Mot."); *see also* ECF No. 32 ("Reply"). Plaintiff PhotonIC Technologies Co., Ltd. ("PhotonIC") opposes the motion. ECF No. 30 ("Opp."). The Court finds this motion suitable for resolution without oral argument and VACATES the hearing set for September 24, 2026. *See* Civ. L.R. 7-1(b). For the reasons that follow, the Court GRANTS Eliyan's motion.

## I. BACKGROUND

PhotonIC and Eliyan are semiconductor companies that entered into a development agreement effective December 1, 2025 ("Development Agreement"). Compl. ¶¶ 3, 17–18, ECF No. 1. The Development Agreement "governs the development, ownership, delivery, and licensing of certain . . . semiconductor intellectual property for test chips." *Id.* ¶ 22. Under the Development Agreement, PhotonIC agreed to provide Eliyan with certain technology that met set specifications. *Id.* If the deliverables were accepted, Eliyan was required to pay PhotonIC within thirty days of receiving an invoice. *Id.* ¶¶ 22–24; Ex. 1, ECF No. 1-1.

In accordance with the Development Agreement, "PhotonIC provided Eliyan confidential and proprietary information" by December 22, 2025, including its "schematic database, schematic collateral, and related technical know-how." Compl. ¶¶ 27–28, 34. On January 8, 2026, Eliyan

sent an email to PhotonIC that rejected the deliverables based on purported nonconformities and sought to unwind the Development Agreement. *Id.* ¶ 39. On February 14, 2026, PhotonIC, through its counsel, sent a formal demand letter to Eliyan's CEO seeking payment of $1,100,000. *Id.* ¶ 44; Ex. 6, ECF No. 1-6. On March 12, 2026, Eliyan, through its counsel, sent a responsive letter that reasserted its right to reject deliverables and stated that it would "seek any and all available remedies, including recission." Ex. 7, ECF No. 1-7; *see also* Compl. ¶ 45. On June 4, 2026, PhotonIC, through counsel, sent a final letter stating that PhotonIC would file this action if payment was not received by June 11, 2026, and attaching the draft complaint. Compl. ¶ 47; Ex. 8, ECF No. 1-8.

Eliyan did not pay. Compl. ¶ 47. Instead, Eliyan sued PhotonIC in this Court on June 10, 2026, asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, fraud and intentional misrepresentation, and declaratory relief. *See Eliyan Corp. v. PhotonIC Techs. Co., Ltd.*, Case No. 5:26-cv-5629-BLF, ECF No. 1 ("Eliyan Action"); *see also* Compl. ¶¶ 7, 48–49. On June 17, 2026, PhotonIC sued Eliyan in this Court under seal. *See* ECF No. 11. On June 25, 2026, PhotonIC filed an identical complaint in this action, this time not under seal. *See PhotonIC Techs. Co., Ltd. v. Eliyan Corp.*, Case No. 5:26-cv-06389-BLF ("PhotonIC Action"). In its complaint, PhotonIC asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief, unjust enrichment, fraud, and misappropriation of trade secrets. Compl. ¶¶ 53–93.

On July 7, 2026, the Honorable Susan Van Keulen issued identical Orders to Show Cause in all three actions. *See* ECF No. 11. The Order to Show Cause stated that "[u]pon this Court's review of the three actions . . . PhotonIC's claims in its two actions against Eliyan arise out of the same transaction or occurrence as Eliyan's claims against PhotonIC" because "all claims appear to arise out of a course of events stemming from the . . . December[] 2025 Development Agreement." *Id.* at 1–2. Accordingly, the Court ordered each party to file a statement addressing whether the claims in the PhotonIC Action are compulsory counterclaims that should be asserted in the Eliyan Action and, if so, whether the actions should be consolidated. *Id.* at 2.

Both parties filed statements in response on July 7, 2026. ECF No. 15; ECF No. 24-1.

United States District Court
Northern District of California

The parties agreed that the cases should be consolidated. *Id.* However, each party maintained that it is the correct plaintiff and that the other party should be required to file counterclaims. *Id.* Specifically, Eliyan argued that because the Eliyan Action was filed first, the claims stated in the PhotonIC Action are compulsory counterclaims. ECF No. 24-1. Conversely, PhotonIC argued that the Eliyan Action is an anticipatory suit in response to the threat of litigation, which should not be given priority. ECF No. 15.

On July 22, 2026, the Court issued an Order Regarding the Order to Show Cause that closed the erroneously-filed sealed action but deferred discharging the Orders to Show Cause until PhotonIC appeared in the Eliyan Action, which had yet to occur. ECF No. 26. Eliyan filed the instant motion to dismiss the PhotonIC Action on July 27, 2026. ECF No. 23. Subsequently, PhotonIC waived service in the Eliyan Action on July 30, 2026. ECF No. 31-2.

## II. REQUESTS FOR JUDICIAL NOTICE

Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. City of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including court documents, are proper subjects of judicial notice. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). However, courts may "not take judicial notice of such documents for the truth of the matter asserted therein." *In re Bare Escentuals, Inc. Secs. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010).

Eliyan and PhotonIC each request judicial notice of court documents in the two related actions. ECF Nos. 24, 31. Eliyan requests judicial notice of its response to the Order to Show Cause and motion to deem service waived or, alternatively, for alternative service, each filed in the Eliyan Action. ECF Nos. 24-1, 24-2. PhotonIC requests judicial notice of its response to the

United States District Court
Northern District of California

Order to Show Cause in the PhotonIC Action and its waiver of service in the Eliyan Action. ECF Nos. 31-1, 31-2. Since these are court documents, they are the proper subject of judicial notice and the Court GRANTS both parties' requests.

## III. LEGAL STANDARD

Dismissal of a complaint is appropriate under Rule 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). When considering a Rule 12(b)(6) motion, a court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party." *Id.* While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## IV. DISCUSSION

Rule 13 of the Federal Rules of Civil Procedure governs the pleading requirements of counterclaims and provides that certain counterclaims are compulsory. Rule 13(a) states that a "pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim[] . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[] and . . . does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1); *see also Nalan v. Access Fin., Inc.*, No. 20-cv-02785-EJD, 2020 WL 6270945, at *2 (N.D. Cal. Oct. 23, 2020).

Eliyan moves to dismiss the PhotonIC Action on the grounds that it presents compulsory counterclaims that must be pursued in the Eliyan Action—the same issue raised by the Court in the Orders to Show Cause. *See* Mot. at 3–4; *see also* ECF No. 11. Like in its Order to Show Cause response, *see* ECF No. 15, PhotonIC argues that the Eliyan Action is an anticipatory suit that should not be treated as the first-filed action, *see* Opp. at 10–13. Alternatively, PhotonIC argues that its claim for violation of the Defend Trade Secrets Act is not a compulsory counterclaim. *See id.* at 13–16. Finally, PhotonIC urges the Court to consolidate the cases under Federal Rule of Civil Procedure 42(a), rather than dismissing the PhotonIC Action. *See id.* at 16.

United States District Court
Northern District of California

The Court addresses each issue in turn.

**A. Identifying the Counterclaimant**

"Federal courts will not permit an action to be maintained where the claims asserted should have been brought as a compulsory counterclaim in an earlier action." *In re Crown Vantage, Inc.*, 421 F.3d 963, 973 n.7 (9th Cir. 2005). That is because Rule 13(a) requires the defendant to an action to plead any compulsory counterclaims in its responsive pleadings, meaning that it cannot also pursue the same claims in a separate lawsuit. *See* Fed. R. Civ. P. 13(a). Thus, the first-filed action must take priority when applying Rule 13(a). *See, e.g.*, *Asset Resol., LLC v. Schoonover*, No. 09-cv-01832-RCJ-GWF, 2009 WL 5040123, at *3 (D. Nev. Dec. 15, 2009) (dismissing lawsuit because the claims were compulsory counterclaims in another case pending before the court).[1] Here, the Eliyan Action was filed before the PhotonIC Action. *See* Compl. ¶ 7. The straightforward consequence of this fact is that, under Rule 13(a), PhotonIC must pursue its claims in the Eliyan Action if they are compulsory counterclaims.

PhotonIC disputes this conclusion for two reasons. Although PhotonIC agrees that the first-filed case typically receives priority, it contends that the "first-to-file" rule does not apply because the "the Ninth Circuit [has] recognized that a court may decline to apply the rule where the first-filed suit is anticipatory—in other words, filed to preempt an imminent action by the adversary," which it contends occurred here. Opp. at 10–12 (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622 (9th Cir. 1991); *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952)). Additionally, PhotonIC argues that the rationale for the "first-to-file" rule is weak here because the actions were filed in the same court, rather than separate districts. *See id.* at 13. These arguments are unavailing.

Fundamentally, PhotonIC's arguments reflect a misapprehension as to why the Eliyan Action takes priority. As explained above, once a lawsuit is commenced, a defendant must pursue

---

[1] PhotonIC argues that *Schoonover* is distinguishable, in part, because "[i]t involved actions pending in different courts before different judges." Opp. at 12. Inexplicably, Eliyan accepts this premise. *See* Reply at 5. Neither party is correct. The court in *Schoonover* dismissed the second-filed lawsuit because it presented "claims that [were] compulsory counterclaims in another case *already pending in front of it*." 2009 WL 5040123, at *1, *4. Thus, *Schoonover* is on all fours with the instant motion.

any compulsory counterclaims it has in *that* action pursuant to Rule 13, meaning that no subsequent action may lie on the same claims. The Court therefore looks to the first-filed action because of Rule 13 itself rather than any other judicial doctrine. But the cases that PhotonIC cites for the proposition that the Ninth Circuit has recognized an anticipatory-suit-exception to the "first-to-file" rule are inapposite because they do not concern Rule 13 or compulsory counterclaims.

Instead, as PhotonIC's second argument tacitly acknowledges, the "first-to-file" rule discussed in *Alltrade*—PhotonIC's principal case—is "a doctrine of federal comity that permits a district court to decline jurisdiction over an action 'when a complaint involving the same parties and issues has already been filed in *another district*.'" *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1146 (E.D. Cal. 2010) (emphasis added) (citation omitted); *see also Alltrade*, 946 F.2d at 628. The Eliyan and PhotonIC Actions are pending in the same district, so this rule does not apply. It is therefore unclear to the Court why an exception to that rule would apply either. As *Alltrade* recognizes, "[t]he most basic aspect of the first-to-file rule is that it is discretionary," which lends itself to exceptions unlike the mandatory language in Rule 13. 946 F.2d at 628. Moreover, *Alltrade* makes clear that the specific reason "[a]nticipatory suits are disfavored [is] because they are aspects of forum-shopping." *Id.* (quoting *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983)). This animating concern is not implicated here precisely because the cases were filed in the same district, unlike both *Alltrade* and *Kerotest*. *See Alltrade*, 946 F.2d at 624; *Kerotest Mfg. Co.*, 342 U.S. at 185; *see also Guth-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 271 (C.D. Cal. 1998) ("[B]y recognizing this exception to the first-to-file rule, courts seek to eliminate the race to the courthouse door in an attempt to preempt a later suit in another forum."). Thus, the entire body of law that PhotonIC relies on bears little resemblance to the straightforward application of Rule 13 presented by this motion.

In any event, to the extent the Court has discretion in the matter, it declines to apply the exception. *See Alltrade*, 946 F.2d at 628 (finding that the district court did not err in refusing to apply any exception to the "first-to-file" rule because "it is discretionary"). These are nascent

cases that have yet to be shaped by discovery or dispositive motions. The Court does not yet know which allegations will bear out or which claims will survive to trial. Nor is it even clear at this juncture that Eliyan's claims are anticipatory because Eliyan was the first party to allege that the Development Agreement had been breached, which is nothing like an anticipatory declaratory judgment action that clearly seeks to subvert the parties' natural posture. *See Kerotest Mfg. Co.*, 342 U.S. at 185–86. Accordingly, the Court will not decide which party will go first at trial until the pretrial conference, regardless of which party prevails on this motion. Very little of import is being decided here and now.

**B. Compulsory Counterclaims**

The Court now turns to the ultimate question of whether PhotonIC's claims are indeed compulsory counterclaims. PhotonIC does not dispute that its first-through-fifth claims are compulsory counterclaims, thereby conceding that they are. *See* Opp. at 13–16. Instead, PhotonIC argues that its sixth claim for misappropriation of trade secrets in violation of the Defend Trade Secrets Act ("DTSA Claim") is not a compulsory counterclaim because it arises from Eliyan's post-breach retention and use of PhotonIC's schematic database, and because trade secret claims are unlike contract claims. *See id.* Eliyan argues that the trade secret claim "plainly arises from the same transaction and occurrence" as the other claims because "[t]he alleged trade secret at issue is the same schematic database that PhotonIC claims it delivered pursuant to the parties' [Development] Agreement." Reply at 5–7.

Compulsory counterclaims are those that "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). Courts in the Ninth Circuit "appl[y] the liberal 'logical relationship' test to determine whether two claims arise out of the same 'transaction or occurrence.'" *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987) (citations omitted); *see also Nalan*, 2020 WL 6270945, at *2 (explaining that "courts must read the phrase 'transaction or occurrence' liberally"). Under this test, a "logical relationship exists when [a] counterclaim arises from the same aggregate set of operative facts as the initial claim." *Mattel, Inc. v. MGA Ent., Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013) (quoting *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1196 (9th Cir. 2005)). "This flexible

United States District Court
Northern District of California

approach to Rule 13 problems attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro*, 827 F.2d at 1249 (citation omitted).

In the DTSA Claim, PhotonIC alleges that its schematic database constitutes a trade secret and that "Eliyan misappropriated [the database] . . . through disclosure and use that exceeded the scope of, and continued after termination of, the limited license granted by the [Development] Agreement." Compl. ¶¶ 88–89; *see also* Opp. at 14 (arguing that the DTSA Claim "is based on different operative facts related to Eliyan's *post-breach* retention and alleged use of PhotonIC's trade secret" (emphasis added)). However, Eliyan could have only retained the schematic database "after termination of[] . . . the [Development] Agreement" if the Court or a jury first finds that the Development Agreement was terminated by breach or repudiation. Compl. ¶ 89. Thus, the DTSA Claim arises from the same set of operative facts as Eliyan's breach of contract claim, since the Development Agreement must be interpreted for both claims. It is immaterial, therefore, that the DTSA Claim has different elements than the breach of contract claim, *see* Opp. at 14–15, because "[c]laims in a second action need not be duplicative of those in a first action in order to be compulsory counterclaims in the first action," *Schoonover*, 2009 WL 5040123, at *4; *see also* *Mattel*, 705 F.3d at 1110 ("What matters is not the legal theory but the *facts*."). Accordingly, the Court concludes that every claim asserted in the PhotonIC Action—including the DTSA Claim—is a compulsory counterclaim that must proceed in the Eliyan Action.[2]

### C. Dismissal Pursuant to Rule 13(a)

Finally, PhotonIC nominally disputes the appropriate remedy. PhotonIC argues that the Court should consolidate the cases under Federal Rule of Civil Procedure 42(a) rather than dismiss the PhotonIC Action. *See* Opp. at 16. However, PhotonIC concludes this argument by "request[ing] that the Court . . . designate PhotonIC as plaintiff[] and treat PhotonIC's [c]omplaint . . . as the operative pleading, with Eliyan's claims proceeding as counterclaims under Rule 13(a)." *Id.* For its part, Eliyan still argues that the Court should dismiss the PhotonIC Action pursuant to

[2] In any event, to the extent that the DTSA Claim is not a compulsory counterclaim, the Court would simply consolidate the actions, as discussed below.

Rule 13. *See* Reply at 7.

PhotonIC's argument is perplexing. It cannot invoke Rule 42 to sidestep Rule 13 for its own benefit, only to then reassert Rule 13 against Eliyan. Instead, the Court may dismiss the appropriate complaint—here, the PhotonIC Action—pursuant to Rule 13. *See, e.g.*, *Schoonover*, 2009 WL 5040123, at *4 ("Ideally, once a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will . . . dismiss the claim with leave to plead it in the prior action." (quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1418 (2d ed. 1990)). As a practical matter, dismissal is appropriate, too, because PhotonIC will have to re-file its claims as counterclaims in the Eliyan Action regardless of what procedure is used. Dismissing the PhotonIC Action rather than consolidating the cases and closing the PhotonIC Action is a difference without a distinction.

**D. Leave to Amend**

In deciding whether to grant leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). The Ninth Circuit in *Eminence Capital* identified several factors to consider, including the futility of amendment. *Id.* at 1052. Because PhotonIC's claims must proceed as compulsory counterclaims in the Eliyan Action, granting leave to amend in this action would be futile. The Court therefore finds that leave to amend is not warranted.

//

//

## V. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Eliyan's motion to dismiss, ECF No. 23, is GRANTED without leave to amend in this action, but without prejudice to reasserting these and other counterclaims against Eliyan in Case No. 5:26-cv-5629-BLF. PhotonIC SHALL file its claims as counterclaims in the Eliyan Action, Case No. 5:26-cv-5629-BLF. The Orders to Show Cause in the PhotonIC and Eliyan Actions are also DISCHARGED. The clerk of court SHALL close the PhotonIC Action, Case No. 5:26-cv-06389-BLF.

Dated: August 25, 2026

BETH LABSON FREEMAN
United States District Judge